UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

    Plaintiff,

v.

HIRE COUNSEL,

    Defendant.

Case No. 23-10033
Honorable Laurie J. Michelson

## ORDER ACCEPTING REPORT AND RECOMMENDATION [22], GRANTING DEFENDANT'S MOTION TO DISMISS [13]

Brenda Sanders says that Hire Counsel, a legal staffing agency, discriminated against her by failing to hire or even interview her for a document review attorney position. So she filed this pro se suit against Hire Counsel for: (1) employment discrimination under Title VII of the 1964 Civil Rights Act; (2) discrimination under 42 U.S.C. § 1981; (3) violating the Age Discrimination in Employment Act of 1967; (4) race, age, and sex discrimination under Michigan's Elliott-Larsen Civil Rights Act; and (5) intentional infliction of emotional distress. (*See* ECF No. 1, 53–102.) All pretrial matters in this case were referred to Magistrate Judge Anthony Patti. (ECF No. 11.)

In response to the complaint, Hire Counsel filed a motion to dismiss all claims against it. (ECF No. 13.) Before the Court is Magistrate Judge Patti's Report and Recommendation to grant Hire Counsel's motion to dismiss. (ECF No. 22, PageID.141.) Specifically, Judge Patti recommended the Court: 1) dismiss Counts I,

III and IV without prejudice to refiling if administrative remedies are timely and properly exhausted; (2) dismiss Count II with prejudice on the merits; and, (3) dismiss Counts V and VI without prejudice to refiling in state court. (*Id.*)

At the conclusion of the November 30, 2023, Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.142.) Under Federal Rule of Civil Procedure 6(d), since Sanders was served via mail, three days are added to the objection period. On December 12, 2023, five days before her objections were due, Sanders filed a motion for an extension of time to file her objections. (ECF No. 23.) On December 13, 2023, the Court granted Sanders' motion via a text-only order which stated that "[a]ny objections to Report & Recommendation shall be filed no later than [January 2, 2024]." That time has since passed, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural

default waiving review even at the district court level." *See also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 22.) It follows that Hire Counsel's motion to dismiss (ECF No. 13) is GRANTED. Counts I, III, and IV are DISMISSED WITHOUT PREJUDICE to refiling if administrative remedies are timely and properly exhausted. Counts V and VI are DISMISSED WITHOUT PREJUDICE to refiling in state court. Count II is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: January 5, 2024

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE